

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RAINBOW MARINE CONTRACTORS, INC.          CIVIL ACTION

VERSUS                                     NO. 99-3741
                                           C/W 00-0374

LONNY VITO                                 SECTION: "F" (1)


ORDER AND REASONS

Before the Court are two motions:(1) Claimant's Motion to Dismiss for Improper Venue Or, In the Alternative, Motion to Transfer by Lonny Vito, and (2) Defendant's Motion to Dismiss Complaint for Declaratory Judgment by Lonny Vito. For the reasons that follow, both motions are granted.

Background

Lonny Vito, an American seaman, claims that he was injured while working as a crew member of the M/V TENNER C, a vessel owned and operated by Rainbow Marine Contractors, Inc. Vito states that as he was disembarking from the M/V TENNER C, he fell and was injured on the neighboring M/V Wes BORDELON.

On December 15, 1999, Rainbow filed a complaint in this Court seeking, among other things, a declaration that it had no further obligation to pay maintenance and cure. On December 22, 1999, Vito filed suit in the Southern District of Texas,

MAY 16 2000

DATE OF ENTRY

Galveston Division, against Rainbow and Bordelon under the Jones Act and General Maritime Law. Bordelon subsequently filed a complaint for limitation of liability in this Court. Rainbow filed an answer to Bordelon's complaint seeking reimbursement for amounts paid out for maintenance and cure to and on behalf of Vito. Rainbow further claimed indemnity and contribution from Bordelon for any sums it may have to pay to Vito. Bordelon's limitation complaint was then consolidated with Rainbow's complaint.

I. <u>Motion to Dismiss for Improper Venue Or In the Alternative, Motion to Transfer</u>

Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim.

<u>In re the Complaint and Petition of LaFourche Tugs, Inc.</u>,

1995 WL 91150 (E.D.La.), LaFourche Tugs, Inc. and Galliano Tugs, Inc. were sued in Texas state court. Both parties filed a complaint to limit liability in the Eastern District of Louisiana contending that Texas had no jurisdiction over them. Id. The court did not have sufficient information to determine whether the parties lacked minimum contacts with Texas, and "[m]oreover, any determination...with respect to...amenability to process in Texas would be on an ex parte basis." Id. Therefore, the court concluded that it would be "inappropriate" to determine whether Texas had jurisdiction. Id. This Court cannot comment on the merits of such arguments because "venue was improperly placed in this Court in the first place." In the Matter of the Complaint of the Tug Danielle M. Bouchard Corp., 1990 WL 164849 (E.D.La.). The parties must urge those arguments before the Texas court. Id. See In the Matter of Chevron U.S.A., Inc., 1990 WL 161036 (E.D.La.) (stating that "venue is proper only where the owner has been sued".); In the Matter of TLC Marine Services, Inc., 900 F.Supp. 54, 55 (E.D.Tex. 1995)(stating that even though TLC claimed that the plaintiff's Texas state court suit was in an improper forum, "[n]evertheless, constrained by the provisions of Supplemental Rule F(9)," the court had to transfer the case to Texas because of the pending suit.)

Under Rule F(9), Vito moves to dismiss or transfer the limitation action brought by Bordelon because Vito has filed suit

3

in Texas against Bordelon. Although Bordelon contends that this Court is the most convenient forum and Rainbow asserts that the Southern District of Texas has no personal or subject matter jurisdiction over the case, the Court must transfer the case to the Southern District of Texas pursuant to Rule F(9).

II. <u>Motion to Dismiss Complaint for Declaratory Judgment</u>

"Declaratory relief is a matter of district court discretion." <u>Torch, Inc. v. LeBlanc</u>, 947 F.2d 193, 194 (5th Cir. 1991). Among the relevant factors, a court must consider whether retention of the suit "would serve the purposes of judicial economy[.]" <u>Travelers Insurance Co. v. Louisiana Farm Bureau Federation</u>, 996 F.2d 774, 778 (5th Cir. 1993). "A transfer of venue for the convenience of the parties and in the interest of justice may be made upon motion by either of the parties or by the court sua sponte." <u>Allen v. Harris County Sheriff Department</u>, 1999 WL 1201866 (E.D.La.) (<u>quoting</u> <u>Clisham Management, Inc. v. American Steel Bldg Co., Inc.</u> 792 F.Supp. 150, 157 (D.Conn. 1992)).

Rainbow filed an answer to Bordelon's complaint seeking reimbursement for amounts paid out for maintenance and cure to and on behalf of Vito, and further claimed indemnity and contribution from Bordelon for any sums it may have to pay to Vito. Because Bordelon's complaint must be transferred to Texas under Rule F(9) and Rainbow's complaint is clearly intertwined

with and arises from the same set of facts as the pending Texas case, the Court denies Vito's motion to dismiss and sua sponte transfers the case to the Southern District of Texas.

For the foregoing reasons, the Claimant's Motion to Dismiss for Improper Venue Or, In the Alternative, Motion to Transfer by Lonny Vito, and the Defendant's Motion to Dismiss Complaint for Declaratory Judgment by Lonny Vito are both GRANTED.

New Orleans, Louisiana, May 12, 2000.

*(signature)*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE